UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIDNEY C. GRANTHAM, | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-98-N-1096-S |
| | ] | |
| WILLIAM J. HENDERSON, | ] | |
| POSTMASTER GENERAL, UNITED | ] | |
| STATES POSTAL SERVICE, | ] | |
| | ] | |
| Defendant(s). | ] | |

FILED
00 FEB -7 PM 2: 43
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 07 2000

**Memorandum of Opinion**

**I.     Introduction.**

This is a civil action brought by plaintiff Sidney C. Grantham under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, against the defendant William J. Henderson, Postmaster General, United States Postal Service. Mr. Grantham claims the defendant discriminated against him for reasons motivated by his disability. The court has for consideration the defendant's motion for summary judgment (Doc. No. 22). Upon review, the court finds that the defendant's motion should be granted.

**II.    Facts.**

The facts set out below are gleaned from the parties' submission of facts claimed to be undisputed, their respective responses to those submissions and the court's own examination of the evidentiary record.[1]

---

[1] These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator United States Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

The plaintiff took an exam with the Postal Service for maintenance mechanic on December 19, 1991. He received a score of 92.5, was put on the register, and interviewed by the Postal Service on August 2, 1993. He was notified by letter dated September 16, 1993, that he was selected for employment with a tentative hiring date of October 2, 1993. He was asked to complete and return medical papers, including a medical history form. By letter dated October 14, 1993, Linda Banks, human resources specialist for the Postal Service, advised the plaintiff that he was found medically unsuitable for the position of maintenance mechanic and his name was removed from the register. The letter also informed the plaintiff that he could file a written request for reconsideration of the decision within 15 days. Within the time specified, the plaintiff provided the agency with medical documentation that he did not have a physical impairment that would limit his ability to work as a maintenance mechanic.

By letter dated October 22, 1993, Stephen A. Moe, manager of employment and placement for the Postal Service, notified all area and district managers that positions/job descriptions in the maintenance craft would be eliminated and/or consolidated effective November 13, 1993. The USPS and the American Postal Workers Union agreed that the maintenance mechanic position would be discontinued and the register closed. Despite the fact that the position at issue was no longer in existence as of November 13, 1993, a letter written by Ms. Banks, dated November 18, 1993, was sent to the plaintiff advising him that he was medically suitable for the maintenance mechanic position, that his name would be restored to the register, but that no positions were available at the time. By letter dated

2

March 10, 1994, the plaintiff and 74 other people were notified that the register for maintenance mechanic would no longer be maintained.

The plaintiff filed a complaint of discrimination on September 20, 1994, claiming that on March 10, 1994, the Postal Service discriminated against him based on his disability. The plaintiff was notified by letter dated January 20, 1995, that his claim was being investigated by the agency. The plaintiff was given 7 days to object if he disagreed with the issue or claim to be investigated. The plaintiff signed an EEO affidavit in which he again alleged that he was discriminated against on March 10, 1994, when he was informed by the Postal Service that it was no longer maintaining the register. By letter dated February 13, 1995, the plaintiff was informed that his complaint had been scheduled for investigation on February 21, 1995.

On March 17, 1995, the plaintiff, through his attorney, attempted to file with the EEO office an amended charge of discrimination, which was sent to Mr. Otis Maclin, Jr., EEO Compliance and Appeals Coordinator. The plaintiff stated in his charge that "Ms. Banks misstated to me and lead me to believe that my name was being placed back on the register when all the time she had information that the Maintenance Mechanic register had been abolished. If I had known in November, 1993 that the register had been abolished, I would have filed this EEO charge at that time." Opponent's evidentiary submissions (Doc. No. 26) exhibit I. On June 16, 1995, plaintiff's counsel followed up with a letter to Mr. Maclin regarding the amended charge.

By letter dated July 31, 1995, the plaintiff was advised by the EEO office that it had completed its investigation and was closing the file. On August 8, 1995, the plaintiff

3

appealed the decision, and received acknowledgment of the appeal from Administrative Judge Brenda Montgomery-Pompey. The Postal Service filed a motion for summary judgment, to which the plaintiff alleges he responded on October 5, 1995. At some point, Administrative Judge Clarence Bell was assigned to the plaintiff's case, and on December 10, 1997, Judge Bell granted the Postal Service's motion for summary judgment solely on the issue of whether the plaintiff was discriminated against on March 10, 1994, when he was notified that his name had been removed from the register.[2,3] By letter dated February 6, 1998, the agency issued a final decision adopting the administrative judge's recommended finding of no discrimination.

The defendant moves for summary judgment on the plaintiff's disability discrimination claim, concerning the March 10, 1994, letter, which was presented to the EEO office and properly exhausted. The defendant argues that the plaintiff cannot establish a *prima facie* case of discrimination under the Rehabilitation Act. The plaintiff, on the other hand, asserts that his claim of disability discrimination should not be limited

---

[2] No hearing was held and there was no record of the plaintiff's alleged response of October 5, 1995.

[3] Judge Bell found that with regard to the issue accepted for investigation, every individual whose name was listed on the register was notified of its discontinuance on March 10, 1994, and that there was a legitimate business justification for the March 10, 1994, notification. Accordingly, Judge Bell found no discrimination. However, Judge Bell went on to hold:

> Further, in view of the Agency's representation to the Complainant that he would receive the next available Mechanic's position, following what clearly appears to have been an improper determination of medical unsuitability, and in view of the Agency's delay in informing the Complainant that the Maintenance Mechanic MPE-6 Register had been discontinued, the Administrative Judge finds that the Agency is estopped from claiming that the Complainant's complaint, as originally drafted, was untimely.
>
> Therefore, in light of the foregoing, and, further, in view of the amount of time that has elapsed since the Complainant filed his original complaint, the Administrative Judge recommends that the Agency give serious consideration to settling the Complainant's original complaint of discrimination, in lieu of a re-investigation.

Opponent's Submissions (Doc. No. 25) exhibit P at 7-8.

to the March 10, 1994, notification letter because the plaintiff was not timely notified of the discontinuance of the register, and if he had been, he could have timely filed a complaint of disability discrimination with regard to the initial determination of medical unsuitability. Based on such a claim, the plaintiff asserts that he can establish a *prima facie* case of disability discrimination under the Rehabilitation Act.

## III. Standard of Review.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11(1983) (indicating the standard for summary judgment is

6

"[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## IV. Discussion.

As an initial matter, the court notes the contrary positions of the defendant and the plaintiff as to what claims are properly before the court. The defendant argues that the only issue before the court is whether the plaintiff was discriminated against with respect to the removal of his name from the register as indicated in the March 10, 1994, letter.[4] The

---

[4] In support of its argument, the defendant points out that Judge Bell made it clear that he did not have jurisdiction over the initial denial of employment issue and was telling the plaintiff that he needed to exhaust his administrative remedies on the initial unsuitability determination, not that he could bypass the adminstrative

7

plaintiff, on the other hand, argues that because of the multiple misrepresentations made by the Postal Service, he "should be allowed to use all facts and circumstances that led up to his receiving the March 10, 1994 notification letter in making out his *prima facie* case of disability discrimination." Opponent's submissions (Doc. No. 25) at 14. Because the court finds that the plaintiff cannot establish a *prima facie* case of disability discrimination under the Rehabilitation Act, even if it considers the acts "leading up to" the March 10, 1994, letter, the court declines to make a ruling on what constitutes the "proper" issue before the court on this summary judgment motion.

To establish a *prima facie* case of disability discrimination in violation of the Rehabilitation Act, the plaintiff must establish that: (1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as a result of his disability. *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999). The Act defines "individual with a disability" as any person who: (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such impairment, or (iii) is regarded as having such an impairment. 29 U.S.C. § 706(8)(B).

The plaintiff claims that the Postal Service "regarded" him as having a physical impairment and discriminated against him by not placing him in the maintenance mechanic

---

procedures altogether. The defendant argues that the plaintiff did not act on Judge Bell's advice to file an EEO complaint regarding the initial determination. Finally, the defendant contends that "[a]ccording to the January 20, 1995, acceptance letter, Plaintiff had seven (7) days from receipt of the letter to object to the scope of the EEO investigation. Plaintiff, who was represented by counsel in the administrative proceedings, has not alleged nor has he presented any evidence to suggest he objected to the scope of the EEO investigation within the allocated time." Movant's reply (Doc. No. 27) at 5-6.

position. A person is "regarded" as having an impairment if: (1) he has a physical or mental impairment that does not substantially limit major life activities but is treated by an employer as constituting such a limitation; (2) he has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of an employer toward such impairment; or (3) he has no physical or mental impairment but is treated by an employer as having such an impairment. 29 C.F.R. § 1614.203(a)(5). The plaintiff claims that he was discriminated against on the basis of the first definition, namely that "the Postal Service erroneously perceived that the nature and extent of his physical impairment 'substantially limited' his ability to 'work.'" Opponent's submissions (Doc. No. 25) at 15. The defendant argues that the plaintiff's claim must fail because "[a]lthough the Agency initially found him unsuitable to work as a Maintenance Mechanic, it readily accepted his physican's evaluation finding him suitable and restored his name to the register." Movant's initial submission (Doc. No. 24) at 7. Furthermore, the defendant asserts that "an employer's belief that a person is physically unsuited for a particular position is no evidence that he was perceived as physically disabled." *Id.*

To demonstrate that an impairment "substantially limits" the major life activity of working, an individual must show "significant[] restrict[ion] in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). *See Forrisi v. Bowen*, 794 F.2d 931 (4th Cir. 1986) (agreeing with other courts that "an employer does not necessarily regard an employee

9

as handicapped simply by finding the employee to be incapable of satisfying the singular demands of a particular job"). The Sixth Circuit has stated that "an impairment that interfered with an individual's ability to do a particular job, but did not significantly decrease that individual's ability to obtain satisfactory employment otherwise, was not substantially limiting within the meaning of the statute. *Jasany v. United States Postal Service*, 755 F.2d 1244, 1248 (6th Cir. 1985); *see also, Welsh v. City of Tulsa*, 977 F.2d 1415, 1417 (10th Cir. 1992) (holding that under the Rehabilitation Act, the major life activity of working does not necessarily mean working at the job of one's choice).

The plaintiff asserts that "[h]e was regarded as having a physical impairment that substantially limited him from qualifying for employment within the class of Maintenance Mechanic jobs." Opponent's submissions (Doc. No. 25) at 16. The defendant points out that such an assertion is "baseless" as the Postal Service specifically informed the plaintiff that he had been found "medically unsuitable for the position of Maintenance Mechanic, MPE, for the Birmingham, Alabama Post Office . . . ." *Id.* at exhibit A, attachment 2. The court agrees with the defendant that the maintenance mechanic, MPE, position is only one job within the maintenance class.[5]

The mere fact that the Postal Service may have initially perceived plaintiff's condition as disqualifying him from the position of maintenance mechanic, without more, says nothing about the Postal Service's overall perception of the plaintiff's ability engage in

---

[5] Even the October 13, 1994, letter written by Mr. Moe, manager of employment and placement for the Postal Service, broadly grouped many positions and/or job descriptions into the "maintenance craft" and did not refer to the specific position of maintenance mechanic.

10

other work generally. There is nothing in the record to suggest that any representative of the Postal Service regarded the plaintiff as substantially limited in a major life activity.[6] Accordingly, the plaintiff has presented no evidence that his medical condition of a herniated disc was perceived by the Postal Service as affecting the "major life activity" of working or as disqualifying him from a class of jobs or a broad range of jobs in various classes as required by the Rehabilitation Act.

The plaintiff has failed to establish that he was "disabled" for purposes of the Rehabilitation Act. Accordingly, the defendant's motion is due to be granted and the claim dismissed.

A separate order in conformity with this opinion will be entered contemporaneously herewith.

Done, this 4th of February, 2000.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[6] The Court recognizes Judge Bell's notation that "the statements attributed to Banks create a strong prima facie showing that the Agency regarded the Complainant as being substantially limited in the major life activity of working." Opponent's submissions (Doc. No. 25) at exhibit P, n.2. The court finds Judge Bell's statement to be unconvincing as he himself noted that Ms. Banks had only found that the plaintiff's condition was not compatible with the activities required of a maintenance mechanic. There is nothing in Ms. Banks' statement to indicate that she regarded the plaintiff to be substantially limited in the major life activity of working, as that phrase is defined under the Rehabilitation Act.

11